# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6643 | **DATE** | January 31, 2008 |
| **CASE TITLE** | Craig Sanders (#2007-0028695) v. Leonard Bersky | | |

**DOCKET ENTRY TEXT:**

Plaintiff Craig Sanders' motion for leave to file his complaint *in forma pauperis* [3] is granted. The Court authorizes the trust fund account officer at plaintiff's place of confinement to deduct, as an initial partial payment of the filing fee, $5.00 from plaintiff's account, and to continue making deductions in accordance with this order until the entire $350 filing fee is paid. The clerk shall send a copy of this order to the trust fund account officer at Cook County Jail. Plaintiff may proceed with his claims against Leonard Bersky. The United States Marshals Service shall serve this defendant. However, summonses shall not issue for the unknown nurses listed as defendants until plaintiff has provided the Court with their names. The clerk shall send to plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's requests for the appointment of counsel [5], [6] are denied without prejudice.

■ [**For further details see text below.**]       Docketing to mail notices.

## STATEMENT

    Plaintiff, Craig Sanders (#2007-0028695), currently incarcerated at Cook County Jail, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that he has not been able to obtain adequate medical attention or prescriptions since May 2007.

    The court finds that plaintiff is unable to pay the filing fee and grants his motion to file his complaint *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $5.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number of this action. The Cook County Jail inmate trust account office shall notify state correctional authorities of any outstanding balance in the event plaintiff is transferred to a state correctional facility.

    A preliminary review of plaintiff's complaint, *see* 28 U.S.C. § 1915A, reveals that he may proceed with his claims of deliberate indifference to his medical needs against Defendant Leonard Bersky. Plaintiff alleges that he has been unable to obtain adequate medical care; specifically, his grievances attached to his complaint allege an inability to obtain dental care and prescriptions. *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir.2004) (discussing the notice pleading requirement); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jones v. Simek*, 193 F.3d 485, 489 (7th Cir.1999) (discussing the elements and pleading requirement of a deliberate indifference to a serious medical need claim).
**(CONTINUED)**

    isk

**STATEMENT (continued)**

However, plaintiff may not yet proceed with his claims against, and summonses shall not issue for, the unknown nurses listed as defendants. Plaintiff cannot maintain an action for damages unless he serves the defendants personally in accordance with Fed. R. Civ. P. 4, which he cannot do without knowing the defendants' names. A plaintiff may name an unknown defendant as "John or Jane Doe" or as unknown persons, as plaintiff has done, and then seek to learn the identities of the unknown defendants by conducting limited discovery on a supervisory official. Although it is unclear what position defendant Leonard Bersky has with Cook County Jail or Cermak Hospital, once an attorney makes an appearance for this defendant, plaintiff may forward a list of questions to the attorney for the purpose of discovering the identities of the unknown nurses. Plaintiff may then amend his complaint to name these defendants. *See Donald v. City of Chicago Sheriff,* 95 F.3d 548, 556 (7th Cir. 1996); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980); *see also Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Plaintiff is advised that an amended complaint supersedes an original one, such that he must include all the claims he seeks to raise and list all the parties he seeks to sue in the amended complaint. The Court will not refer back to prior pleadings to determine plaintiff's claims or the defendants.

The United States Marshals Service is appointed to serve defendant Leonard Bersky. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendant with process. The Marshal is directed to make all reasonable efforts to serve this defendant. With respect to any former employees who can no longer be found at the work address provided by plaintiff, the Cook County Sheriff's Office or Cermak Hospital shall furnish the Marshal with defendant's last known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action (plus a judge's copy) with the clerk of court in care of the Prisoner Correspondent. In addition, plaintiff must send an exact copy of any filing to defendant or, if represented by counsel, to counsel for defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

The court denies without prejudice plaintiff's requests for the appointment of counsel. Although a district court may, in its discretion, appoint counsel for any party unable to afford an attorney, plaintiff has not demonstrated that he has attempted unsuccessfully to retain counsel or that he was effectively precluded from making such efforts. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). Also, plaintiff's case does not currently involve complex issues, complex discovery, or an evidentiary hearing, and his complaint demonstrates his competence, at least at this point, to present his claims adequately. Accordingly, the motion for counsel is denied at this time. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).

January 31, 2008    /s/David H. Coar
    David H. Coar, U.S. District Judge