UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 6643 |
| | ) | |
| v. | ) | Honorable Judge |
| | ) | David H. Coar |
| SHERIFF OF COOK COUNTY AND COOK COUNTY, | ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

NOW COME Defendants, County of Cook and Thomas Dart, Sheriff of Cook County (hereinafter "Defendants"), through their Attorney RICHARD A. DEVINE, State's Attorney of Cook County by his Assistant Sarah M. Burke and answer Plaintiff's Amended Complaint as follows:

1.  This is a civil action seeking damages against the defendants for committing acts under color of law, which deprived the plaintiff of rights secured under the Fourteenth Amendment to the Constitution. Jurisdiction is proper in this Court pursuant to 28 U.S.C. Sec. 1343 and 2201 and pursuant to 42 U.S.C. Sect. 1983 and 1988.

    ANSWER:    Defendants admit the allegations contained in Paragraph 1.

2.  Plaintiff Craig Sanders is a resident of the Northern District of Illinois.

    ANSWER:    Defendants admit the allegations contained in Paragraph 2.

3. Defendants are the Sheriff of Cook County and Cook County. The Sheriff is sued in his official capacity only; Cermak Health Services is a division of the Cook County Bureau of Health which is in turn a division of the defendant Cook County.

ANSWER: Defendants admit the allegations contained in Paragraph 3.

4. Since April 20, 2007 Craig Sanders has been held at the Cook County Department of Corrections ("Cook County Jail") as a pretrial detainee.

ANSWER: Defendants admit the allegations contained in Paragraph 4.

5. Starting on or about May 12, 2007, Mr. Sanders began to experience a painful toothache which interfered with his ability to eat and caused him unbearable pain.

ANSWER: Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5.

6. During the ensuing months, plaintiff continuously complained to the correctional staff and nurses assigned to his housing unit concerning the painful tooth. Mr. Sanders also filed several grievances requesting to see a dentist and seeking pain medication for his condition. Plaintiffs grievances did not result in a referral to see a dentist and instead, Mr. Sanders was finally referred to a physician on October 16, 2007.

ANSWER: Defendants admit that Plaintiff was seen by a physician on October 16, 2007. Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 6.

7. Although pain medication was prescribed by the physician for Mr. Sanders toothache on October 16, 2007, the medical staff never provided Mr. Sanders with the pain medication.

ANSWER:    Defendants deny the allegations contained in Paragraph 7.

8. Defendants have at all times known that broken, infected, or otherwise diseased teeth and gums can be excruciatingly painful and if untreated, can result in serious permanent injury.

ANSWER:    Defendants deny the allegations contained in Paragraph 8.

9. In 2006, defendants adopted a policy of providing dental care only in cases of extreme emergency.

ANSWER:    Defendants deny the allegations contained in Paragraph 9.

10. Thereafter, in 2007, defendants eliminated the positions of many dentists employed at Cook County Jail, leaving one dentist responsible for the care of over ten thousand persons.

ANSWER:    Defendants admit that due to budgetary restrictions they were forced to *temporarily* eliminate some dental care positions on March 30, 2007. Defendants deny the remaining allegations contained in Paragraph 10.

11. Defendants decision to employ a single dentist at the jail has had the effect of discontinuing dental services for inmates.

ANSWER:    Defendants deny the allegations contained in Paragraph 11.

12. Defendant's above actions were taken in deliberate indifference to the dental needs of inmates at the Cook County Jail.

ANSWER: Defendants deny the allegations contained in Paragraph 12.

13. Plaintiff has been deprived of his rights secured by the Fourteenth Amendment to the Constitution as the result of the policies and procedures of the defendants.

ANSWER: Defendants deny the allegations contained in Paragraph 13.

14. As the direct and proximate result of the wrongful denial of essential medication, Mr. Sanders incurred great pain and suffering for over eight months.

ANSWER: Defendants deny the allegations contained in Paragraph 14.

### Affirmative Defenses

NOW Come Defendants, County of Cook and Thomas Dart, Sheriff of Cook County (hereinafter , "Defendants"), through their Attorney, RICHARD A. DEVINE, State's Attorney of Cook County, by his assistant, Sarah M. Burke, and asserts the following Affirmative Defenses:

### First Affirmative Defense

The Defendants' conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, the Defendants' are entitled to the defense of Qualified Immunity.

**Second Affirmative Defense**

The Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e(a).  See Dale v. Lappin, 376 F.3d 652, 655(7th Cir. 2004).

**JURY DEMAND**

Defendants respectfully request a trial by jury.

WHEREFORE, based upon the forgoing, Defendants, County of Cook and THOMAS DART, SHERIFF OF COOK COUNTY respectfully requests that this Honorable Court grant judgment in their favor and against the Plaintiff on all aspects of his Amended Complaint and further requests this Honorable Court grant them fees, costs and such other relief that this Court deems just and appropriate.

    Respectfully submitted,
    RICHARD A. DEVINE
    State's Attorney of Cook County
    By:   /s/Sarah M. Burke
        Sarah M. Burke
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603.4320