# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6643 | **DATE** | 4/30/2008 |
| **CASE TITLE** | Craig Sanders (#2007-0028695) v. Leonard Bersky | | |

**DOCKET ENTRY TEXT:**

Plaintiff Craig Sanders' letter to the court [17] is construed as a motion for the appointment of counsel and for an order compelling greater use of the jail's law library. The motion is denied without prejudice. However, the court notes that plaintiff should be permitted reasonable access to the library and that counsel for defendants should cooperate with plaintiff's efforts to obtain the names of the unknown defendants.

■ [**For further details see text below.**]     Docketing to mail notices.

## STATEMENT

Plaintiff, Craig Sanders, has submitted a letter to this court stating that he seeks the appointment of counsel and that he is unable to obtain adequate access to the jail's library. He further indicates that an attorney and greater access to the library may assist plaintiff with his efforts to obtain the names of the unknown nurses named as defendants.

With respect to the request for counsel, plaintiff has not indicated that he has sought to obtain or that he was prevented from seeking an attorney. Also, the case at this early stage does not involve complex issues or proceedings such that counsel is needed. Plaintiff's pleadings indicate that he should be able to proceed without the assistance of counsel. Accordingly, the request for the appointment of counsel is denied without prejudice. *See Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007); *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004).

With respect to the request for greater library access, inmates' right of meaningful access to the courts does not encompass an unfettered right of access to prison law libraries. *See Smith v. Shawnee Library System*, 60 F.3d 317, 323 (7th Cir. 1995). That right is limited to access to a law library sufficient to enable a plaintiff to research the law to determine what facts are necessary to state a cause of action, to perform basic research, to formulate legal theories, and to get through initial stages of lawsuit. *Id.* at 322; *see also Brooks v. Buscher*, 62 F.3d 176 (7th Cir. 1995). The court is reluctant to interfere with the day-to-day operation of the jail and the manner in which law library requests are managed. Furthermore, because the plaintiff is *pro se* and incarcerated, the court will not hold his briefs and motions to the standards required of an attorney. In addition, if and when the defendants file dispositive motions, the plaintiff may seek an extension of time in which to respond to any such motions. At the present time, there are no pending dispositive motions, and the case currently involves factual issues of discovery, including the discovery of the identities of unknown parties. The case does not currently involve the need for extensive legal research. Accordingly, his motion for court-ordered access to the law library is denied.

The court nevertheless certifies that the above-captioned civil rights action is pending and requests that correctional officials grant the plaintiff reasonable access to the jail's law library during the pendency of this case. Correctional officials may determine the manner that best accommodates the plaintiff's needs, balanced by penological considerations of safety, security, and orderly administration.

isk